UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:05-CR-255-01 |
| | ) | |
| v. | ) | |
| | ) | |
| Brian Lamonte Jones, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

### 18 U.S.C. § 3582(c)(2) Order for Sentence Reduction

This matter comes before the Court on the defendant's motion for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

### Background

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. As this amendment became effective on March 3, 2008, this matter is now ready for disposition.

## Discussion

The defendant was last sentenced on November 2, 2005, with the following sentencing range:

Total Offense Level:              33

Criminal History Category:        I

Months Imprisonment:              135-168

Taking into consideration these guidelines, the Court sentenced the defendant to 135 months.  This sentence was within the range indicated by the guidelines.  Further, the defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account the amendments to § § 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

Total Offense Level:              31

Criminal History Category:        I

Months Imprisonment:              120-135

This Court will not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment.  U.S.S.G. § 1B1.10(b)(1).

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of § § 2D1.1(c) and 1B1.10, effective March 3, 2008, and having also

considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a)

and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court

that the defendant's previously imposed sentence be reduced to a term of 120 months

imprisonment, a sentence within the revised, advisory guidelines range.  If this revised

sentence is less than the amount of time the defendant has already served, the

sentence is reduced to a "Time Served" sentence.  *See* U.S.S.G. § 1B1.10(b)(2)(C)

("in no event may the reduced term of imprisonment be less than the term of

imprisonment the defendant has already served.").  Except as provided by this Order,

all provisions of the defendant's previous sentence dated November 2, 2005, remain

in full force.

IT IS THEREFORE SO ORDERED THAT the defendant's previously imposed

sentence be reduced to a term of 120 months.

IT IS FURTHER ORDERED THAT this Order become effective 10 days after the

date of its entry.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 1, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the

parties have the right to appeal this Order within sixty (60) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**